UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFFLES TREE APPAREL PTE. LTD. and SLB INTERNATIONAL PTE. LTD., <br><br> Plaintiffs, <br> v. <br><br> A BASE IX CO. LLC, <br><br> Defendant. | Civil Action No. _____ <br><br><br><br> **COMPLAINT** <br><br> JURY TRIAL <br> DEMANDED |

Plaintiffs Raffles Tree Apparel Pte. Ltd. and SLB International Pte. Ltd. ("SLB") (collectively "Raffles Tree"), by and through its attorneys, Dan Tan Law and the Law Office of Alexander Sakin, LLC, bring this action against A Base IX Company LLC ("A Base") and allege the following:

NATURE OF THE ACTION

1. This is a straightforward claim for breach of contract, unjust enrichment, fraud, and account stated.

2. Despite ordering and accepting goods shipped by Raffles Tree and acknowledging that sums for those goods were due and owing, defendant A Base has done nothing but make repeated false promises to pay, before ultimately deciding to totally ignore all of Raffles Tree's attempts to communicate with them.

3. A Base's commercially reprehensible and morally unethical conduct has left Raffles Tree with unpaid invoices exceeding $1,000,000 forcing Raffles Tree to bring this action to recover these outstanding sums.

## JURISDICTION AND VENUE

4. This court has diversity jurisdiction because the amount in controversy exceeds $75,000.00, the defendant is a company incorporated under the laws of New York, and both plaintiffs are subjects of a foreign state, being companies incorporated in Singapore, a foreign country.  28 U.S.C. § 1332(a)(2).

5. Venue is appropriate in the Southern District of New York because the defendant's principal place of business is in the district and because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b)(1), (2).

## THE PARTIES

### Plaintiffs

6. Plaintiff Raffles Tree Apparel Pte. Ltd. is a private company incorporated in Singapore with its principal place of business located at 20 Cecil Street, #08-04 GSH Plaza, Singapore 049705.  Raffles Tree Apparel Pte. Ltd. is a supplier of manufactured outer garments.

7. Plaintiff SLB International Pte. Ltd. is a private company incorporated in Singapore with its principal place of business located at 20 Cecil Street, #08-04 GSH Plaza, Singapore 049705.  SLB International Pte. Ltd. is a supplier of manufactured outer garments.

### Defendant

8. Upon information and belief, defendant A Base is a limited liability company organized under the laws of New York, having its principal place of business at 525 7th Avenue

Room 1508, New York, New York 10018. A Base is a clothing designer, importer, and distributor.

9. A Base does continuous and systematic business in New York and this District. It maintains an office and employs personnel in New York and this District, and is thus physically present in the state. *See* N.Y. C.P.L.R. §§ 301, 302(a)(3).

## STATEMENT OF FACTS

10. Raffles Tree and A Base entered into an agreement, pursuant to which Raffles Tree agreed to supply clothing to A Base in return for A Base's promise to compensate Raffles Tree for the goods it supplied.

11. Pursuant to the agreement and understanding referenced above, and at all relevant times, Raffles Tree and A Base had a straightforward trading relationship: A Base would place an order for goods, Raffles Tree would fulfill the order, and A Base would pay for the goods delivered.

12. In breach of the parties' agreement and understanding, A Base has failed to pay for goods that have been shipped and delivered to it, and for which it has been invoiced in the amount of $566,568.30, plus interest. **There can be no dispute that A Base owes $566,568.30 for goods it has accepted, but which it refuses to pay**. In addition, A Base has ordered goods, which Raffles Tree manufactured but which it has yet to ship, for which it owes $520,086.77. Furthermore, Raffles Tree is being chased by its fabric supplier (the "Fabric Supplier") to make payment for $181,932.61 worth of fabric, a sum that forms part of the payment for the completed but unshipped goods. We will be going through each of the sums in turn.

13. There can be no dispute that A Base owes monies under three separate invoices:

    (1) RAF-20171013 ("First Invoice"). Under this invoice, goods worth $143,357.64 were shipped out on October 15, 2017, with payment due on December 1, 2017. (Exhibit 1)

    (2) RAF-20171031 ("Second Invoice"). Under this invoice, goods worth $129,397.38 were shipped out on November 5, 2017, with payment due on December 18, 2017. (Exhibit 2)

    (3) NF-0049/17 ("Third Invoice"). Under this invoice, goods worth $293,813.28 were shipped out on December 17, 2017, with payment due on February 5, 2018. (Exhibit 3)

14. A Base has acknowledged on several occasions that these sums are due and owing. While A Base has gone to the trouble of concocting excuses for its failure to pay, the simple truth is that it simply does not wish to make payment.

15. As evidenced by the correspondence below, Raffles Tree has continually been chasing A Base for payment—but to no avail. Demands for payment are simply met with false promises to pay:

    i) On December 17, 2017, Ms. Helen Koh ("Helen"), (SLB's Merchandiser), sent an email to Mr. Albert Gammal ("Albert") (A Base's Managing Director) reminding him that payment for the First Invoice was due on December 19, 2017. In her reply, Ms. Yoomi Kim ("Yoomi") (A Base's Merchandiser) stated that Mr. David Apperman ("David") (A Base's Financial Controller) was "already working on the payment".

This is the first of many false assurances given by A Base and members of its staff. (Exhibit 4)

ii) On December 20, 2017, payment for the First Invoice had yet to be made. Helen sent an email to Yoomi seeking confirmation that David had already processed the payment. In her reply, Yoomi assured Helen that David had done so, and that they were just waiting for the bank to process the payment. (Exhibit 5)

iii) Another week passed, and payment had yet to be made. On December 27, 2017, Ms. Jen Chua ("Jen") (SLB's Merchandiser Manager) sent an email to Yoomi to enquire about the status of the payment. As no reply was forthcoming, Jen sent another email on January 4, 2018, to chase payment. In her email, Jen made it clear that in her email dated December 19, 2017, Yoomi had stated that David was already processing the payment. Yet, two weeks had passed and no payment had been received. (Exhibit 6)

iv) On January 6, 2018, the first of many ridiculous excuses was provided by the defendant. In the email, Yoomi apologized for the delays and stated that "David has been out sick and we've also been hit with a severe snow storm resulting in us having to close the office." Obviously, the snowstorm that occurred in January should not have affected the payment that the defendant had represented to have been made on December 19, 2017. (Exhibit 6)

v) On January 8, 2018, payment for the Second Invoice was due, but A Base had yet to settle the payment for the First Invoice. Helen sent an email to Yoomi, imploring her to settle the outstanding payment as Raffles Tree had outstanding obligations to its Fabric Supplier. On the same day, Mr. Salomon Murciano ("Salomon") (A Base's

CEO) replied via email that payment would be made at the end of the week and that he had explained the situation to the Fabric Supplier. (Exhibit 7)

vi) On January 15, 2018, Helen sent another email to Yoomi seeking to expedite the payment of the outstanding sums. In response, Salomon sent an email stating that they would pay by the end of the week, and that they were sorry for the delay. This statement turned out to be nothing but a lie. (Exhibit 6)

vii) On January 23, 2018, Ms. Mabel Low ("Mabel") (SLB's Managing Director) sent a WeChat message to Salomon asking him to look into the outstanding payments. In reply, Salomon stated that payment would be made that day. (Exhibit 8)

viii) On February 7, 2018, Helen sent an email to Salomon and Albert seeking an update on the status of the payments with respect to the First, Second, and Third Invoices, as well as a fourth, smaller invoice. The next day, Salomon replied, stating that the first two payments would be made the following week as he had a "big loss due to a Walmart big chargeback that affected my cash flow." He went on to admit that he knew this loss was not relevant to the payment obligations A Base owed to Raffles Tree. (Exhibit 9)

ix) On February 14, 2018, Jen sent an email to Salomon and Albert informing them that the outstanding payments were affecting the cashflow of Raffles Tree. (Exhibit 10) On the same day, Mabel sent a WeChat message to Salomon asking him to release the payments urgently. Salomon's reply was simply "It will be done today". No payment was made. (Exhibit 8)

x) Raffles Tree could not hold on much longer. On February 23, 2018, Helen sent an email to Salomon and Albert, informing them that if payment was not made by the end of the week, Raffles Tree would not ship out the goods that were scheduled to be shipped out on February 28, 2018. (Exhibit 10)

xi) This ultimatum turned out to be slightly more effective, as Salomon sent a message to Mabel the very next day informing her that he had transferred $107,000 to Raffles Tree's bank account. By doing so, rather than settling the outstanding payments for the sums that were due under the First Invoice, Second Invoice, and Third Invoice, Salomon chose to make payment for another invoice, RAF-20171201, which was due on February 4, 2018. He had cleverly chosen the invoice with the lowest sum of outstanding payment. Nevertheless, Raffles Tree saw this as a positive sign that A Base may finally be delivering on its promises to settle the outstanding payments.

xii) Upon confirming the receipt of $107,000 on February 27, 2018, Jen sent an email to Yoomi reminding her that there were still outstanding payments to be settled. Jen made it clear that unless these payments were settled, Raffles Tree would not be able to ship the goods that were scheduled to be shipped out on March 4, 2018. Also, unless A Base settled their outstanding payments, Raffles Tree would not be able to make payment to the Fabric Supplier for sums Raffles Tree was due to pay on March 5 and March 11, 2018. (Exhibit 11)

xiii) On February 28, 2018, Salomon sent a WeChat message to Mabel informing her that A Base would be sending more money that week and the following week, and that they were sorry for the delay. (Exhibit 12) In an email dated March 1, 2018,

Albert informed Mabel that in accordance with Salomon's message, A Base would be making additional payment that week, and that a bank copy would be sent over once that was done. (Exhibit 13)

xiv) On March 6, 2018, payment was still not made. Mabel sent a WeChat message to Salomon informing him that they were "desperately waiting for remittances advice". Salomon simply replied, "Yes today". (Exhibit 12)

xv) On March 12, 2018, Mabel attempted to call Salomon but his line was busy. Mabel then sent a WeChat message to Salomon asking him "what is going on with the payment?" Salomon replied, "Yes we are". (Exhibit 12)

xvi) The next day, Mabel sent a WeChat message to Salomon demanding that he "release the long outstanding payment immediately", a sum amounting to $566,568.30. Once again, Salomon assured Mabel that he was going to make payment on that day. (Exhibit 12) On March 19, 2018, Helen sent an email to Albert and Salomon seeking their assurance that they would settle the outstanding payments by the following day as Raffles Tree needed the money to pay their workers' salaries. (Exhibit 14) This was followed by four further text messages and four emails that were conveniently ignored by A Base.

xvii) On March 19, 2018, Helen finally received an email from Yoomi. As expected, the reply was simply that A Base was doing its best and would get a payment sent by the end of the week. In her follow-up email sent the next day, Yoomi assured Helen that A Base was doing its best to make payment by Friday, March 23, 2018. Once again, A Base failed to live up to its word. (Exhibit 15)

xviii) On March 26, 2018, as payment had yet to be made, Helen sent an email to Salomon and Albert to inform them that the Fabric Supplier was not going to release the fabrics, because, as a result of A Base's failure to pay plaintiffs, Raffles Tree had not been able to pay for them. Helen added that as soon as A Base released the outstanding payments, the Fabric Supplier would release the fabrics. (Exhibit 15)

xix) On March 27, 2018, Mabel sent a message to Salomon expressing her shock and disappointment with his behavior. She made it known that her suppliers were chasing her daily and it was "like living in hell". Salomon simply replied, "You are correct but tomorrow all will be back to normal". The next day, Salomon sent a message saying, "Today it will go out". (Exhibit 16)

xx) As usual, no payment was made. Mabel's text messages went unanswered, and on April 3, 2018, Mabel sent a message expressing her surprise that Salomon was not responding to her text messages. In reply, Salomon gave the excuse that he was away with his family, as it was a Jewish holiday. (Exhibit 17)

xxi) The next day, April 4, 2018, Yoomi sent an email to Helen informing her that payment was being sent out that week. Once again, no payment was made. Helen sent four further emails, and only received a reply from Albert on April 13, 2018. In the email, Albert simply stated that he had met with "Cynthia" and that they would be in touch again the following week to work on the payment schedule. Following the email, Helen sent four emails to Albert informing him of the urgent need for A Base to make payment for the outstanding sums immediately. (Exhibit 18)

xxii)   On April 22, 2018, David finally replied. In his email, David proposed that Raffles Tree ship out the remaining goods and proposed a payment scheme that was completely unreasonable. Having not paid for goods shipped over six months ago, he had the cheek to suggest that Raffles Tree ship the remaining goods without receiving payment first. In reply, Mabel reiterated that A Base owed Raffles Tree $555,568.30 on the First, Second, and Third Invoices, and demanded that A Base clear up all existing debts immediately, and only then would the parties discuss the shipping of the existing orders. (Exhibit 19)

xxiii)  On April 24, 2018, David replied to Mabel, stating that he did not disagree with her on any of the points raised in her email. However, he stood by his proposed "solution" and even sought Raffles Tree's "positive reply ASAP – with BL copy – so that we can try to clear this up." In reply, Helen sent an email reiterating Raffles Tree's position, namely that no goods would be shipped out until the outstanding sums were paid. (Exhibit 19)

xxiv)  On April 25, 2018, Salomon confirmed with Mabel that payment would be made by that day. The next day, Helen sent an email to Salomon and Albert seeking an update on the status of the payment. In David's reply, he stated that payment would be made by "early next week." (Exhibit 20)

xxv)   Helen sent further emails to David to chase payment. On May 1, 2018, Salomon sent an email stating that he would give Helen the exact day on which payment would be made on May 2, 2018, after he meets David. Needless to say, no payment was forthcoming. (Exhibit 20)

xxvi) On May 2, 2018, Salomon sent an email to Mabel stating that A Base was "closing a loan with the bank" and that they would settle the outstanding payment by the end of the week. The next day, Salomon sent Mabel an email stating that he was away on a trip. Deservedly frustrated, Mabel sent an email to Salomon calling him out on his excuses. There was no reason why A Base could not make payment, even if Salomon was away on a trip. (Exhibit 21) As Albert and Salomon were ignoring her phone calls and text messages, Mabel issued an ultimatum. Mabel told Albert and Salomon to quit playing "cat and mouse" and to meet with her face-to-face, to settle this issue once and for all. (Exhibit 22)

16. The pattern is clear for all to see. Any attempt made by the staff of Raffles Tree to chase payment from A Base was met with repeated lies, the occasional disappearing act, and curt replies that were meant to placate Raffles Tree for no reason other than to delay payment.

17. The staff at A Base were at all times aware that they were unable to meet the payment obligations for the outstanding sums, or that payment was not in fact underway as they claimed, or that there was no intention to make the promised payments. Yet, they continued to lie to the staff of Raffles Tree that payment was on the way, and they even had the audacity to suggest that Raffles Tree ship out more goods without receiving full payment.

**Sums due for unshipped goods**

18. Raffles Tree also claims the sum of $520,086.77 for completed but unshipped goods.

19. These are sums due under invoice number NF-014/18 ("Fourth Invoice"). (Exhibit 23) While the initial sum owed by A Base to Raffles Tree for the completed but unshipped goods totaled $557,725.92, the sums of $26,424.15 and $11,215.00 ($37,639.15 in total) have been deducted to account for A Base having made payment for some fabrics that have been used to manufacture the goods.

20. Raffles Tree is seeking payment for this sum as it has completed its substantive obligations and the goods are just waiting to be shipped out. As mentioned above, it simply does not make commercial sense for Raffles Tree to ship out this order, given that A Base has proven to be extremely unreliable in fulfilling its payment obligations.

21. In that regard, in an email dated April 22, 2018, David had proposed to Helen that Raffles Tree ship out certain specified goods that A Base deemed to be of greater priority. In his proposal, Raffles Tree would ship out these goods, and A Base would make partial payment upon receipt of the goods. In reply, Mabel sent an email stating that "it is completely unreasonable and absolutely beyond me to ask me to ship anything before this debt is settled. How can I?" (Exhibit 19)

22. On May 22, 2018, Raffles Tree made a demand for adequate assurances under Section 2-609 of the New York Uniform Commercial Code for the unshipped goods, demanding that, in light of A Base's actions that gave rise to reasonable grounds for insecurity, A Base either (1) open a letter of credit for the full amount of the ordered and unshipped goods, or (2) make full payment of the full amount for these goods, as a condition for further performance by Raffles Tree.

23. Raffles Tree has received no response, much less any assurances, from A Base.

24. As A Base has not provided adequate assurances and in any event will not fulfill its obligations under the agreement for the unshipped goods, A Base is in repudiatory breach. A Base is entitled to immediately sue for damages for the remaining sums due under that contract.

25. It is plain to Raffles Tree that A Base's tactic is simply to delay payment by continuously giving assurances that payment will be made by a certain date, only to fail to make good on its promises. A Base's failure to pay has severely affected Raffles Tree's reputation and have put the staff of Raffles Tree under immense pressure from its suppliers and workers.

26. The unacceptable behavior of A Base, and their string of lies and false promises have left Raffles Tree with little choice but to bring this action to recover the sum of $566,568.30 for shipped goods, $520,086.77 for completed but unshipped goods, for other losses suffered as a result of A Base's fraud, and interest on all monetary amounts claimed.

## CAUSES OF ACTION

### COUNT ONE

**Breach of Contract**

27. Raffles Tree re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

28. Raffles Tree entered into various contracts with A Base for the provision of goods. Raffles Tree is claiming for two separate sums of monies.

    (1) $566,568.30 for goods that have been delivered to A Base.

(2) $520,086.77 for goods that have been ordered by A Base, for which Raffles Tree has completed production.

29. Raffles Tree has completed its obligations under the contracts by shipping, delivering and/or completing the production of, the goods ordered by A Base. A Base has received writings in confirmation of its contract with Raffles Tree including, among other writings, the First, Second, and Third Invoices and the Fourth Invoice. A Base breached the contract by failing to make payment for the goods that it has accepted under the First, Second, and Third Invoices. Further, A Base is unlikely to make payment for goods that it has ordered and for which sums are due under the Fourth Invoice.

30. Due to A Base's breach, Raffles Tree is entitled to recover from A Base damages including the contractual sums owed, plus any other damages this Court may deem equitable, to be determined at trial.

31. In addition, owing to (i) the special nature of the relationship between Raffles Tree and A Base, (ii) the emotional disturbance and fatigue that the staff of Raffles Tree have suffered from having to deal with the constant lies of the defendant, and (iii) the willful manner in which A Base refused to make payment and avoided attempts by Raffles Tree to make contact, Raffles Tree is entitled to compensatory, exemplary, and punitive damages for emotional and mental distress, and mental suffering.

COUNT TWO

**Unjust Enrichment**

32. Raffles Tree re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

33. Raffles Tree furnished valuable goods to A Base. A Base accepted the delivered goods without paying for them, accepted and retained the benefit of those goods without paying for it, and continued to request for Raffles Tree to deliver more goods, despite having no desire to make any form of payment.

34. A Base was unjustly enriched at Raffles Tree's expense by accepting the goods without payment. The fair and reasonable value of the goods furnished by Raffles Tree to A Base is in the amount to be determined at trial, but no less than $566,568.30.

35. Equity and good conscience require that Raffles Tree receive restitution for the benefit Raffles Tree conferred upon A Base in an amount to be determined at trial.

COUNT THREE

**Fraud**

36. Raffles Tree re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

37. In the various correspondence between the parties, A Base made several material misrepresentations regarding the availability of funds and the intention of A Base to make payment for the outstanding sums owed to Raffles Tree. Every attempt by A Base to delay payment involved deceitful lies that were meant to placate Raffles Tree.

38. A Base's misrepresentations were made with knowledge of their falsity and/or indifference to the error of such representations, and with intent to defraud, as it never once came through on its promises to make payment.

39. In addition, upon A Base's refusal to make payment, Raffles Tree had to deal with payment claims from other suppliers as they were unable to make payment due to the outstanding sums owed by A Base, causing Raffles Tree much stress and aggravation.

40. Due to A Base's fraud, Raffles Tree is entitled to recover from A Base general and punitive damages in an amount to be determined at trial.

## COUNT FOUR

### Account Stated

41. Raffles Tree re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

42. A Base received the First, Second, and Third Invoices and held them without objection. Nevertheless, A Base failed to pay the amounts owed on the First, Second, and Third Invoices. The unpaid balance totals $566,568.30.

43. Accordingly, true and just accounts have been stated as between Raffles Tree and A Base, and A Base is liable to Raffles Tree on the accounts stated in the amount of $566,568.30 plus interest thereon.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that judgment be granted:

a. Awarding Raffles Tree damages for its claims against A Base in the amount of $1,086.655.07;

b. Awarding Raffles Tree general and punitive damages for its claim against A Base for fraud;

c.  Awarding Raffles Tree interest on all quantified amounts at the New York statutory interest rate of 9% per annum from the due date for payment until the date of payment; and

d.  Awarding such other and further relief as this Court deems necessary and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
June 26, 2018

Respectfully submitted,

/s/ Dan Tan

_____
Dan Tan, Esq.
DAN TAN LAW
305 Broadway
New York, NY 10007
Telephone (646) 580-0080
Fax (212) 330-7642


/s/ Alexander Sakin

_____
Alexander Sakin, Esq.
Law Office of Alexander Sakin, LLC
433 Broadway, Suite 427
New York, NY 10013
Telephone (646) 790-3108
Fax (347) 318-1098