**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ X

RAFFLES TREE APPAREL PTE. LTD. AND
SLB INTERNATIONAL PTE LTD.,

:
:
:                    Case No.: 1:18-cv-05791 (JSR)

                    Plaintiffs,

:
:

      – v. –

:
:

A BASE IX CO. LLC,

:
:

                    Defendant.

:
------------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT A BASE IX CO. LLC'S MOTION FOR RECONSIDERATION

Respectfully Submitted,

LAZARUS & LAZARUS, P.C.
*Attorneys for Defendant A Base IX Co. LLC*
Harlan M. Lazarus, Esq.
Jonathan Roffe, Esq.
240 Madison Avenue, 8th Floor
New York, New York 10016
(212) 889-7400

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................... iv

I. PRELIMINARY STATEMENT................................................................ 1

II. FACTS............................................................................................. 2

III. LEGAL STANDARD........................................................................... 5

IV. ARGUMENT....................................................................................... 7

      a.  *POINT I*: THE ORDER OVERLOOKS MANY KEY FACTS ON THE
          RECORD SHOWING THAT A BASE WAS DAMAGED AS A
          RESULT OF PLAINTIFFS FAILURE TO SHIP THE UNDELIVERED
          GOODS......................................................................... 7

V. CONCLUSION......................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Allen v. Coughlin*
    64 F.3d 77, 79 (2d Cir. 1995) ........................................................... 7

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242, 247, 106 (1986) ....................................................... 7

*Farez-Espinoza v. Napolitano*
    No. 08 Civ. 11060, 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009) ......... 5

*Fung Wah Bus Transp., Inc. v. Ricon Corp.*
    No. 08 Civ. 6481, 2009 WL 2569153 (S.D.N.Y. Aug. 19,2009) ................. 6

*Globecon Group, LLC v. Hartford Fire Ins. Co.*
    434 F.3d 165, 170 (2d Cir. 2006) .................................................... 7

*Hedgeco, LLC v. Schneider*
    No. 08 Civ. 494, 2009 WL 1309782, at *2, 3 (S.D.N.Y. May 7, 2009) ........... 6

*In re BDC 56 LLC*
    330 F.3d 111, 123 (2d Cir. 2003) .................................................... 6

*International Controls Corp, v. Vesco*
    556 F.2d 665, 670 (2d Cir. 1977) .................................................... 6

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*
    168 F.3d 347, 350 (9th Cir. 1999) ................................................... 6

*Kraebel v. N.Y.C. Dep't of Hous. Pres. and Dev.*
    2002 WL 31016654, at *1 (S.D.N.Y. Sept. 9, 2002) ............................... 5

*Lugo v. Artus*
    No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) ...... 6

*Treglia v. Town of Manlius*
    313 F.3d 713, 719 (2d Cir. 2002) .................................................... 7

*United States v. All Funds on Deposit in, or Transferred to or Through, Banc of America Acct*
    2007 WL 2114670, at *2 (E.D.N.Y. July 16, 2007) ................................ 5, 6

**STATUTES & TREATISES**                                           **PAGE**

S.D.N.Y. Local Civil Rule 6.3 .................................................................   5, 7

Federal Rules of Civil Procedure 59...........................................................   5, 7

Federal Rules of Civil Procedure 60...........................................................   6, 7

## I.   **PRELIMINARY STATEMENT**

Defendant, A Base IX Co. LLC (the "Defendant" or "A Base") through its attorneys Lazarus & Lazarus, P.C., submits this memorandum of law in support of its motion for reconsideration of a portion of the Court's Order dated January 11, 2019 (the "Order") pursuant to Rule 6.3 of the Local Rules for the Southern District of New York, and Rules 59(e) and 60 of the Federal Rules of Civil Procedure ("FRCP"). Specifically, A Base seeks reconsideration of the Order to the extent it granted Plaintiffs Raffles Tree Apparel PTE. LTD. ("Raffles") and SLB International PTE LTD. ("SLB") (hereinafter collectively referred to as "Plaintiffs") motion for summary judgment, brought pursuant to FRCP 56(a), to dismiss A Base's counterclaim against Plaintiffs for breach of contract.

Reconsideration is warranted with respect to the Court's Order, which improperly dismissed A Base's counterclaim of breach of contract, because A Base provided adequate documentary support and testimony concerning its damages that resulted from Plaintiffs breach of contract. To remind the Court, Defendant's counterclaim for breach of contract was based upon two underlying issues of dispute – (1) Plaintiffs failed to deliver apparel goods ordered by A Base (the "Undelivered Goods"), despite the fact that Plaintiffs previously agreed to deliver the goods subject to the terms of an A Base purchase order, which resulted in cancelled orders for A Base; and (2) Plaintiffs delivered unmerchantable goods to A Base (the "Unmerchantable Goods"), which A Base later sought to return and reimbursement for. During the oral argument that took place before the Court on January 10, 2019, Your Honor agreed that questions of fact existed with respect to the Undelivered Goods, which would cause A Base's counterclaim to survive summary judgment. However, Your Honor reserved judgment with respect to the counterclaim concerning the Unmerchantable Goods.

1

Surprisingly, later that same date, the Order reversed the Court's position during oral argument regarding A Base's counterclaim for the Undelivered Goods. Specifically, the Court set forth that A Base failed to provide "one scintilla of evidence of defendant's alleged damages". However, A Base, through the affidavit of David Apperman, provided documentary evidence setting forth the cancelled orders, which resulted from Plaintiffs breach of contract concerning the Undelivered Goods. Clearly, the Court overlooked this evidence when it set forth that A Base failed to provide "one scintilla of evidence of defendant's alleged damages" Accordingly, reconsideration must be granted, and the Order must be amended to conform to the Court's original determination at the hearing that took place on January 10, 2019.

## II.    FACTS

On November 22, 2018, Plaintiffs filed a motion for summary judgment (the "Motion"), pursuant to FRCP 56(a), seeking summary judgment on their four causes of action and to dismiss A Base's counterclaim for breach of contract. *See* Affirmation of Jonathan Roffe, Esq. in Support of Defendant's Motion for Reconsideration, ¶ 3. A Base's counterclaim for breach of contract was based upon two specific breaches by the Plaintiffs: (1) Plaintiffs breach of contract concerning the Undelivered Goods (which were to be delivered on or before either April 11, 2018 and May 11, 2018); and (2) Plaintiffs delivery of unmerchantable goods for Style No. 553 (hereinafter the "Unmerchantable Goods"). *Id.*, ¶ 4. In opposition of Plaintiffs Motion, A Base set forth the following in its memorandum of law in opposition of the Plaintiffs Motion (the "Opposition Memo"), which was filed with the Court on December 13, 2018 (*see* Docket No. 29):

> Specifically, the Unshipped Orders set forth an "In DC Date" of April 11, 2018 and May 11, 2018. *Id.*, ¶¶ 31-33. ***This was done so that A Base could fulfill pre-arranged sales made to retailers Citi Trends, Allied Fashions, Gabriel Brothers, United Fashions, Gordmans, Burlington and Ross Stores (the "Clients"). Id.*, ¶ 34.**

2

...

> *By failing to deliver the Unshipped Orders, A Base sustained both*
> *an economic injury and an injury to its good will and reputation.*
> *Id.*, ¶ 39.

...

> A Base also expressly informed Plaintiffs of A Base's intent to set
> off and *deduct A Base damages as a result of customers cancelled*
> *orders* and issues concerning quality of previously delivered goods.
> *Id.*, ¶¶ 34, 41-46, 55.

*Id.*, ¶ 5 (emphasis added)..

In further opposition to the Plaintiffs Motion, A Base submitted the affidavit of David

Apperman ("Apperman Affidavit"), Managing Member of A Base, which set forth the following:

> 6. A Base issued proposed Purchase Order Nos. 527, 528, and 539 (*the*
> *"Unshipped Purchase Orders"*) to SLB for approximately $557,000.00
> worth of goods (including, but not limited to goods with style numbers
> 1038S, 1123S, 1171S, 1244, 1245, 1246, 1247, 1248 and 323S (the
> "Unshipped Styles")).

> 7. *The Unshipped Purchase Orders set forth an "In DC Date" of April*
> *11, 2018, so that A Base could fulfill sales made to retailers Citi*
> *Trends, Allied Fashions, Gabriel Brothers, United Fashions,*
> *Gordmans, Burlington and Ross Stores (the "Clients").* A copy of the
> *Clients' cancelled orders report for the Unshipped Styles is annexed*
> *hereto as Exhibit 1.*

> 8. However, Plaintiffs failed to fulfill the material terms of Unshipped
> Purchase Orders as the Unshipped Styles were never delivered by
> Plaintiffs. Until this failure occurred, A Base was willing and intending
> to pay for the Unshipped Purchase Orders.

> 9. *By failing to deliver the Unshipped Purchase Orders, A Base was*
> *unable to fulfill orders to its Clients and accordingly sustained both*
> *an economic injury and an injury to its good will and reputation.*

*Id.*, ¶ 6, Exhibit B, ¶¶ 6-9 (emphasis added). As set forth in Paragraph 7 of the Apperman Affidavit,

Exhibit 1 thereto contained a copy of A Base's "Cancelled Order Report" for the Unshipped Styles.

*Id.*, ¶ 7, Exhibit B. These orders were ultimately cancelled as a result of Plaintiffs failure to produce

3

the Undelivered Goods (hereinafter referred to as the "Cancelled Orders"). *Id.*, ¶ 8, Exhibit B.A

review of the Cancelled Orders shows that Plaintiffs were unable to fulfill orders totaling

$252,604.80[1] due to Plaintiffs failure to produce the Undelivered Goods. *Id.*, ¶¶ 9-10, Exhibit C.

Based upon a review of the corresponding invoices for the Undelivered Goods (*see* Docket No.

26-17), the total cost of these goods was $154,267.20. *Id.*, ¶ 11, Exhibit C. Accordingly, A Base's

lost profits from Plaintiffs failure to ship the Undelivered Goods is at least $98,337.60. *Id.*, ¶ 12,

Exhibit C.

Also, as part of the Plaintiffs Motion, attached to the Declaration of Alex Sakin as Exhibit

30, is a set of emails between David Apperman and Plaintiffs representative Mabel Low, whereby

Plaintiffs were informed that failure to ship the Undelivered Goods would result in these Cancelled

Orders. Apperman expressly sets forth the following therein:

> The [undelivered] goods that we requested is what our current
> customer orders are for and we can ship out by 5/10. *If we do not
> ship these goods by then, the orders will be cancelled and we will
> have no use for them as they seasonal*.

*Id.*, ¶ 13.

In further opposition to the Plaintiffs Motion, A Base submitted the affirmation of Jonathan

Roffe ("Roffe Affirmation"), which annexed the deposition transcript of David Apperman as

Exhibit 3. Included in that testimony is the following exchange:

> Q.· ··Do you have the intention to pay these invoices?
> A.· ··Yes, inclusive of our counterclaims and *the damages that we
> incurred due to failure to ship merchandise ordered on time*.

*Id.*, ¶ 14.

During the oral argument concerning the Motion, after a substantial amount of time

---

[1] $1,080.00 + $5,292.00 + $5,763.60 + $23,875.20 + $5,299.20 + $28,036.80 + $33,102.00 + $77,688.00 + $72,468.00. *See* Apperman Affidavit, Exhibit 1, P. 2-11; Exhibit C.

4

discussing the Unshipped Goods, the Court agreed that questions of fact existed and that the

counterclaim concerning those Unshipped Goods "survives summary judgment". *Id.*, ¶ 15, Exhibit

D. Thereafter, the only issue discussed with respect to A Base's counterclaim for breach of contract

was with respect to the Unmerchantable Goods. *Id.*, ¶ 16. To that end, the Court advised it would

issue a decision in writing. *Id.* Nevertheless, the Court issued its Order dismissing all of A Base's

breach of contract counterclaims (including both the Unmerchantable Goods and Undelivered

Goods claims). *Id.*, ¶ 17, Exhibit A. With respect thereto, the Court set forth the following:

> There remains plaintiffs' motion for summary judgment dismissing
> defendant's counterclaim. While at present defendant has not made
> out any basis for any element of its one remaining counterclaim, for
> breach of contract, the Court expressed its willingness at oral
> argument to give defendant the opportunity to specify with more
> particularity the alleged deficiencies in quality forming part of the
> basis for this claim. But, *as plaintiffs point out, there is not one
> scintilla of evidence of defendant's alleged damages and no reason
> why defendant could not have presented any such evidence in a
> timely manner.* Accordingly, in addition to the rulings made from
> the bench, summary judgment is granted to plaintiffs dismissing
> defendant's counterclaim.

*Id.* (emphasis added).

## III.   **LEGAL STANDARD**

The standards governing a motion for reconsideration under Local Rule 6.3 and a motion

to alter or amend a judgment under FRCP 59(e) "are identical." *Farez-Espinoza v. Napolitano*,

No. 08 Civ. 11060, 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009); *see Kraebel v. N.Y.C.*

*Dep't of Hous. Pres. and Dev.*, No. 90 Civ. 4391, 2002 WL 31016654, at *1 (S.D.N.Y. Sept. 9,

2002). "The purpose of a motion to reconsider is to allow the court to correct its own mistake, by

calling to its attention a factual matter or a controlling precedent previously advanced by the

parties, but overlooked by the court." *United States v. All Funds on Deposit in, or Transferred to*

*or Through, Banc of America Acct,* Number 207-00426, No. 05 Civ. 3971, 2007 WL 2114670, at

5

\*2 (E.D.N.Y. July 16, 2007); *see In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir. 2003) (reconsideration motions are appropriate where "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court") (internal quotations and citation omitted); *Hedgeco, LLC v. Schneider,* No. 08 Civ. 494, 2009 WL 1309782, at \*2, 3 (S.D.N.Y. May 7, 2009) (granting motion upon "reexamination of the facts") (internal quotations and citations omitted). A motion for reconsideration pursuant to FRCP 59(e) and Local Civil Rule 6.3 also may be granted upon a showing of clear error or manifest injustice. *See, e.g., Fung Wah Bus Transp., Inc. v. Ricon Corp.,* No. 08 Civ. 6481, 2009 WL 2569153 (S.D.N.Y. Aug. 19,2009).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party ... from a[n] ... order ... for the following reasons: (1) mistake ..." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus,* No. 05-cv-1998 (SAS), 2008 WL 312298, at \*2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)). "Ordinarily, a movant alleging a 'mistake' under Rule 60(b)(1) must show that the district court committed a specific error." *Id.* (citation and internal quotations omitted); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' ... may include mistake and inadvertence by the judge.")

As more fully detailed below, Plaintiffs' motion for reconsideration pursuant to Local Civil

Rule 6.3 and Rules 59(e) and 60(b)(1) of the FRCP, satisfies the applicable standards.

## IV.   ARGUMENT

### a.   POINT I: THE ORDER OVERLOOKS MANY KEY FACTS ON THE RECORD SHOWING THAT A BASE WAS DAMAGED AS A RESULT OF PLAINTIFFS FAILURE TO SHIP THE UNDELIVERED GOODS

The Court's Order clearly (a) overlooks key pieces of evidence presented in the Motion papers showing that A Base was damaged as a result of Plaintiffs breach of contract and (b) is not consistent with the rules governing motions for summary judgment. Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 (1986); *see also Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006). All reasonable inferences must be drawn in favor of the nonmoving party. *See Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995). Summary judgment is not proper where there is sufficient evidence for a rational trier of fact to find in the non-movant's favor. *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002).

Based on its interpretation of the record evidence, the Court concluded that A Base failed to set forth **any** evidence of damages. *See* Roffe Affirmation, Exhibit A. However, is simply incorrect.

*Most notably,* the Court overlooked the list of Cancelled Orders, which were referenced in and annexed to the Apperman Affidavit as Exhibit 1. A review of the Cancelled Orders shows that A Base's was unable to fulfill orders totaling $252,604.80 due to Plaintiffs failure to ship the Undelivered Goods. *Id.*, ¶ 10, Exhibit B; Exhibit C. Based upon a review of the corresponding invoices for these goods (*see* Docket No. 26-17), the total cost of these goods was $154,267.20.

*Id.*, ¶ 11, Exhibit C. Accordingly, A Base's lost profits from Plaintiffs failure to ship the Undelivered Goods is at least[2] $98,337.60. *Id.*, ¶ 12, Exhibit C.

Second, the Court also overlooked the email exchanges between A Base and the Plaintiffs, whereby Plaintiffs were informed that the Undelivered Goods were needed immediately in order to timely fulfill orders customer orders as there would otherwise be "no use for them as they [are] seasonal". *Id.*, ¶ 13.

Lastly, the Court failed to recognize the deposition testimony of David Apperman, which was annexed to the Roffe Affirmation, and directly acknowledged the damages suffered by A Base due to Plaintiffs failure to ship the Undelivered Goods. *Id.*, ¶ 14.

Taken together, this evidence sets forth strong evidence that A Base was damaged as a result of Plaintiffs breach of contract. Accordingly, a genuine issue of material fact remains, and the Order must be corrected to continue A Base's breach of contract claim concerning the Undelivered Goods.

## V.    **CONCLUSION**

In light of the foregoing, A Base respectfully requests that its Motion for Reconsideration be granted.

Dated: January 23, 2019
    New York, New York

**LAZARUS & LAZARUS, P.C.**
*Attorneys for Defendant*

By: _____
Harlan M. Lazarus, Esq.
Jonathan Roffe, Esq.
240 Madison Avenue, 8th Floor
New York, New York 10016
(212) 889-7400

---

[2] This does not account for (a) injury to A Base's good will and reputation or (b) the additional lost profits A Base likely suffered, given that A Base ordered more units from the Plaintiffs than what was accounted for in the Cancelled Orders. *See* Exhibit C; Docket No. 26-17.

8

TO:     LAW OFFICE OF ALEXANDER SAKIN, LLC
        Alexander Sakin, Esq.
        433 Broadway, Suite 427
        New York, NY 10013
        (646) 790-3108

        DAN TAN LAW
        Dan Tan, Esq.
        305 Broadway
        New York, NY 10007
        (646) 580-0080
        *Attorney for Plaintiffs*